### 19624

The STATE, Respondent, v. Hules McLEOD, Appellant

(196 S. E. (2d) 645)

446

P. *Michael Duffy, Esq.,* of Charleston, *for Appellant,*

*Robert B. Wallace, Sol., Esq.,* of Charleston, *for Respondent,*

May 9, 1973.

LITTLEJOHN, Justice:

The defendant was convicted by a jury of assault with attempt to ravish and was sentenced to twelve years' imprisonment. He has appealed, alleging in essence that his constitutional rights to due process have been violated because of improper identification.

The victim (Mrs. Myers) was attacked on Friday night, March 24, 1972. Her assailant struck her on the head with a hard object, choked her, and attempted to remove her undergarments, tearing them in the attempt. Her struggles and identifying exclamation, "oh, you Hattie's boy", apparently discouraged her assailant and he fled. Mrs. Myers testified that she recognized her assailant as "Hattie's boy". Mrs. Grant, a State's witness, testified that when Mrs. Myers came to her house after being attacked: "She say 'Hattie's boy'. That's all she say."

On Saturday morning, after the attack (the previous night), a warrant was taken for the defendant. He was arrested and taken to Mrs. Myers' home in order that she could be sure that he was the assailant. It is apparent that she did not know her assailant's first name, but she identified the person arrested as the one who had assaulted her. In the trial of the case, she pointed out the same individual as being that person who attacked her on March 24.

Mr. Myers, the victim's husband, testified that he knew the defendant; that he had seen him frequently at a neighborhood tackle shop; that he had known the defendant's mother, Hattie Anderson, since she was a child; that they

all went to the same church; and that Hattie Anderson lived about two and one-half miles from his house.

It is apparent from the record that Mrs. Myers knew the defendant. She had seen him many times at a neighborhood store near their home; she knew the defendant's mother and knew him to be her son.

In this appeal, the defendant frames three questions, two of which attack the fairness of the pre-trial identification procedure used by the police, and the other asserts police error in not informing defendant of his constitutional rights to counsel at the pre-trial confrontation.

■ The defendant's argument that the lone confrontation was unfair and untrustworthy is based on the principles set forth in the cases of *United States v. Wade*, 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. (2d) 1149 (1967); *Gilbert v. California*, 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. (2d) 1178 (1967); *Stovall v. Denno*, 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. (2d) 1199 (1967). The rulings in these decisions attempt to avert the danger of mistaken identity by establishing mandatory constitutional and procedural safeguards. The rules are designed for application where the accused and the victim are strangers to each other; they were never intended to apply where the victim knew the accused. The constitutional and procedural safeguards, which the defendant claims were necessary, simply do not apply under the facts of this case.

■ The contention that defendant had a right to counsel at the pre-trial confrontation is patently without merit. See *Kirby v. Illinois*, 406 U. S. 682, 92 S. Ct. 1877, 32 L. E. (2d) 411 (1972).

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.