22787

The STATE, Respondent v. John E. ROGERS, Appellant

(362 S. E. (2d) 7)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey, Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Norman Mark Rapoport* and *Amie L. Clifford,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard Sept. 22, 1987.

Decided Nov. 9, 1987.

NESS, Chief Justice:

Appellant was convicted of committing a lewd act on his ten (10) year old daughter and sentenced to imprisonment for ten (10) years. We reverse.

The trial judge permitted a child psychiatrist to give her opinion that the victim exhibited the behavioral traits of a child who has been sexually abused and to state her belief that the victim had been sexually abused for a number of years. Appellant asserts this was error. We agree.

Evidence of behavioral traits of a sexual abuse child victim may be offered to explain inconsistencies in the behavior of the alleged victim. However, the evidence is not admissible where it serves only to bolster the child's testimony that the crime occurred. *State v. Hudnall,* 293 S. C. 97, 359 S. E. (2d) 59 (1987). Here, as in *Hudnall,* there was no evidence the child responded in a seemingly inconsistent fashion after the alleged sexual abuse and the testimony was erroneously admitted.

Appellant sought to prevent the State from eliciting testimony from witnesses, other than the victim, relating to prior acts of sexual misconduct by appellant. The trial judge permitted the testimony on the ground the evidence would tend to show a common scheme or plan. We disagree.

Evidence of prior acts is generally not admissible to prove the crime for which the defendant is charged. *State v. Lyle,* 125 S. C. 406, 118 S. E. (2d) 803 (1923). However, the rationale of the exception is that the evidence is admissible if it tends to show a common scheme or plan, and the close similarity of the charged offense and the previous act[s] enhances the probative value of the evidence so as to overrule the prejudicial effect. *State v. McClellan,* 283 S. C. 389, 323 S. E. (2d) 772 (1984); *State v. Rivers,* 273 S. C. 75, 254 S. E. (2d) 299 (1979).

The victim and one of her sisters testified appellant touched them. However, that alone does not suffice to show a common scheme or plan. In *McClellan* the Court stated: "The experiences of each daughter parallel that of her sisters: the initial attack occurred around age twelve; appellant entered their room and chose one of them, who would be forced to submit; he gave each the same explanation for his actions; and he quoted to each the [same] Biblical verse." 283 S. C. at 392, 323 S. E. (2d) at 774. Here, on the other hand, the acts were ten years apart and the only connection between the testimony of the two daughters was appellant touched them both.

Additionally, the victim's sister was allowed to testify her father had sexual intercourse with her. There was no testimony from the victim as to actual sexual intercourse. Even if the common scheme exception would have permitted the evidence of the prior touching, the evidence of sexual intercourse would not have been within the scope of the common scheme. Its introduction was highly prejudicial.

Appellant next argues the trial judge violated his constitutional right to confront the witness against him by allowing the videotaped testimony of the victim without an evidentiary showing of necessity. We agree.

While the live testimony of a witness is always preferred, other techniques may be used when, in the exercise of sound discretion, the trial judge deems them appropriate and ade-

quate. *State v. Cooper*, 291 S. C. 351, 353 S. E. (2d) 451 (1987). An abuse of discretion occurs where the trial judge's decision, based on factual as distinguished from legal, conclusions, is without evidentiary support. *State v. Simmons*, 279 S. C. 165, 303 S. E. (2d) 857 (1983).

In this case the trial judge simply made general remarks about children feeling uncomfortable testifying in open court in these types of cases. Prior to allowing the victim's testimony to be presented by videotape, specific factual findings should have been made as to the necessity of using the procedure for this particular witness.

In addition, the victim was allowed to testify while seated in her foster mother's lap. In authorizing the use of videotaped testimony in *Cooper*, this Court noted the trial judge was present during the taping, which "created a courtroom atmosphere." 291 S. C. at 359, 353 S. E. (2d) at 456. We recognize the special needs of very young victims may in some cases justify the use of alternative methods of presenting their testimony. However, the taping should be done in a way that, as much as possible, approximates a courtroom setting.

For the foregoing reasons, the appellant's conviction is reversed and the case remanded for a new trial.

Reversed and remanded.

GREGORY, HARWELL, CHANDLER, and FINNEY, JJ., concur.