23236

The STATE, Respondent v. Stanley Robert MURRELL, Appellant.

(393 S.E. (2d) 919)

Supreme Court

*Asst. Appellate Defenders Daniel T. Stacey* and *Joseph L. Savitz, III,* both of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. W. Townes Jones, IV,* Greenwood, *for respondent.*

Heard April 4, 1990.

Decided July 2, 1990.

HARWELL, Justice:

Appellant Stanely Robert Murrell was convicted of first degree criminal sexual conduct with a minor and sentenced to fifteen years imprisonment. Appellant challenges the admission of the minor child's videotaped testimony at trial in lieu of incourt testimony in appellant's presence. We affirm.

## FACTS

The victim in this case is the five year old stepson of appellant. Prior to trial, the State made a motion pursuant to S.C.

Code Ann. § 16-3-1530(G) (Cum. Supp. 1988)[1] to videotape testimony of the victim outside the presence of appellant for subsequent presentation to the jury at the trial. The petition in support of this motion alleged extreme circumstances due to the extent of the molestations and the victim's special needs. Appellant opposed the motion and two hearings were held on the matter. During the course of the two hearings, the State introduced testimony of the child's mother, aunt, and Dr. Richard Kent Harding, medical director of the Comprehensive Behavioral Center at the Richland Memorial Children's Hospital and professor of pediatrics at the USC School of Medicine. All three testified concerning the child's behavior since the incident. Dr. Harding testified specifically about the traumatic impact on in-court confrontation would have on the child. After the hearings, the judge issued an order granting the State's motion, in which the judge found that:

> Based upon the testimony presented to me and particularly that of Dr. Harding, I find that [minor child] is a person who has a special need within the meaning of Section 16-3-1510 and that it is appropriate to videotape his testimony for use at the trial of this case. Dr. Harding testified that in his opinion there would be significant harm to the child if he were required to testify in the presence of the Defendant. I believe the testimony of Dr. Harding concerning potential harm to the child.

The order set forth a specific procedure for taking the child's testimony whereby the child gave his testimony in the courtroom and was unable to see or hear appellant. Appellant was present in a room adjacent to the courtroom. While seated in the adjacent room, appellant was able to view the child on a video screen and hear the child with the aid of audio equipment as the child testified. Appellant's attorney was allowed in the courtroom, while his law partner remained with appel-

---

[1] Section 16-3-1530(G) provides that:

Victims and witnesses who are very young, elderly, who are handicapped or who have special needs, have a right to special recognition and attention by all criminal justice, medical, and social service agencies. The court shall treat 'special' witnesses sensitively, using closed or taped sessions when appropriate. The solicitor or defense shall notify the court when a victim or witness deserves special attention.

lant to assist him and relay information to primary counsel. Headphones were made available to allow communication between appellant and both attorneys. Appellant's attorney was present during direct examination and allowed full cross-examination of the minor. At trial, the videotaped testimony was shown to the jury. Appellant challenges the use of this procedure asserting that it impermissibly violated his constitutional right to confront the witness against him. For the reasons discussed below, we affirm the conviction and sentence.

## DISCUSSION

Section 16-3-1530 was first attacked on the basis that it violated a defendant's constitutional right to confront the witnesses against him in *State v. Cooper*, 291 S.C. 351, 353 S.E. (2d) 451 (1987). Thereafter, the issue was again raised in *State v. Rogers*, 293 S.C. 505, 362 S.E. (2d) 7 (1987).

In *State v. Cooper* and *State v. Rogers* we recognized the necessity of a demonstration by the State that a videotape procedure pursuant to § 16-3-1530 was necessary to protect a minor witness. In *State v. Cooper*, the minor witness and her mother were interviewed by the judge in chambers. The mother explained to the judge that the child was afraid of the defendant and expressed an opinion that a videotaped session would protect the child from further emotional trauma. The child also expressed her fear of the defendant. Based on this, the trial court determined that the child should be allowed to testify via videotape and established a procedure very similar to that used in this case. By contrast, in *State v. Rogers*, we reversed the trial judge's decision to allow videotaped testimony because there was no evidentiary showing of necessity; the trial judge made a ruling based on general remarks about children feeling uncomfortable testifying in open court in these types of cases.

Together, *State v. Cooper* and *State v. Rogers* established the following procedure to be followed by the trial judge in this factual situation. First, the trial judge must make a case-specific determination of the need for videotaped testimony. In making this determination, the trial court should consider the testimony of an expert witness, parents or other relatives, other concerned and relevant parties,

and the child.[2] Second, the court should place the child in as close to a courtroom setting as possible. Third, the defendant should be able to see and hear the child, should have counsel present both in the courtroom and with him, and communication should be available between counsel and appellant.

Since the issuance of both of these decisions, the United States Supreme Court has found unconstitutional, on confrontation clause grounds, an Iowa statutory procedure which permitted the placement of a screen between the defendant and witnesses so that the witnesses could not see the defendant. *See Coy v. Iowa*, 487 U.S. 1012, 108 S. Ct. 2798, 101 L. Ed. (2d) 857 (1988). In *Coy v. Iowa*, the defendant was convicted of two counts of lascivious acts with a child arising out of an incident involving two thirteen year old victims. At trial, pursuant to an Iowa statute, a screen was placed between the defendant and the witnesses which allowed the defendant to dimly perceive the witnesses while the witnesses could not see him at all. The Supreme Court held that this deprived the defendant of his constitutional right to confront the witnesses against him. Although characterized as an absolute right, the *Coy* opinion suggested that exceptions to this right may exist when necessary to further a public policy. These exceptions must, however, be based on an individualized finding of need. *Coy v. Iowa*, 108 S. Ct. at 2803. As Justice O'Connor noted in a concurring opinion in *Coy*, this absolute right to face to face confrontation "may give way in an appropriate case to other competing interests so as to permit the use of certain procedural devices designed to shield a child from the trauma of courtroom testimony." *Id.*

The public policy concern was addressed in *State v. Cooper*, where we recognized that "crimes against children, such as sexual abuse, occur with alarming frequency" and further stated that "the need to protect young victims from the trauma of in-court testimony . . . reflected in the General Assembly's enactment of § 16-3-1530(G) . . . is a nationwide concern." *State v. Cooper*, 291 S.C. at 355, 353 S.E.

---

[2] Although neither *Cooper* nor *Rogers* specifically requires the use of expert testimony, we suggest that such testimony be used whenever possible. Further, although the trial judge in this case did not personally interview the minor victim, such omission was more than sufficiently cured by the use of expert testimony. In the future however, we suggest that the trial judge personally interview the child in addition to receiving expert testimony.

(2d) at 454. Further, the *Coy v. Iowa* requirement of an individualized finding of need is reflected not only in our statute, but in the decisions of *State v. Cooper* and *State v. Rogers*. Therefore, our statute and common law do not suffer from the same defects as those found in *Coy v. Iowa*. We conclude that the procedure established by S.C. Code Ann. § 16-3-1530(G) in conjunction with the above cited cases construing this statute, sufficiently protects appellant's right to confrontation while simultaneously protecting the rights of the victim.

Having determined that the procedure established by *State v. Cooper* in conjunction with *State v. Rogers* sufficiently falls within the confines suggested in *Coy v. Iowa*, we turn next to a consideration of the facts of this case. A decision as to whether to utilize a videotape procedure is subject to reversal only if it is shown that the trial judge abused his discretion in making such a decision or failed to follow the appropriate procedure upon deciding that a witness was entitled to special protection. We hold that the trial judge in this case did not err in either respect. Prior to his decision to use the procedure, the judge heard testimony from the relevant witnesses, including an expert witness. The State presented ample evidence, including expert testimony, of the case-specific need for the videotape procedure to be used in this case, and the trial judge made specific findings in this regard. This testimony enabled the judge to conclude that testimony by the victim in the defendant's presence would have a traumatic effect on the child.

Additionally, the trial judge followed the appropriate procedure upon his determination that a videotaped procedure was necessary. The child was placed in a courtroom setting. Appellant was allowed to view and hear the child and appellant's counsel was permitted to cross-examine the child. Appellant not only had counsel present with him and in the courtroom, but a communication procedure between all three was made available. Accordingly, appellant's contention is without merit. Appellant's remaining exceptions are dismissed pursuant to Supreme Court Rule 23.

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.