23444

Somjai Fung Fue STARNES, Respondent v. STATE of South Carolina, Petitioner.

(414 S.E. (2d) 582)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for petitioner.*

*Desa A. Ballard,* Barnwell, *for respondent.*

Submitted May 21, 1991; Refiled Dec. 2, 1991.

Reh. Den. March 24, 1992.

TOAL, Justice:

This is an appeal by the State from a post-conviction relief (PCR) order finding the respondent received ineffective assistance of counsel and was entitled to a new trial. We affirmed in an earlier opinion; however, on rehearing, we have reconsidered the issues presented and now reverse.

The respondent was convicted of first degree criminal sexual conduct with a minor and sentenced to twenty (20) years imprisonment in August 1986. Prior to trial, a hearing was conducted to determine the necessity of allowing the child victim to testify by videotape. At this hearing, the child testified and was examined by both attorneys and the trial judge on issues relating to his competency and his fear of his parents. Dr. Cummings, a specialist in child psychiatry, testified the child was afraid of his parents and, in his opinion,

the child would be unable to testify in their presence. The trial judge held the use of videotape testimony was necessary based on a factual finding that the child was fearful of his parents and would be intimidated if his testimony was taken in the presence of his parents. The defendant was not present at this hearing.

The child's testimony was taken by videotape out of respondent's presence. Respondent's trial attorney was present. Respondent was able to view the proceeding by way of a closed one-way circuit television monitor and the defendant was in constant contact with her attorney through the use of headphones.

At the outset of the videotape proceeding, respondent's counsel objected to the use of videotape, but did not object to respondent's exclusion from the courtroom. On direct appeal, the defendant abandoned the issue after this Court upheld the use of videotape testimony in *State v. Cooper*, 291 S.C. 351, 353 S.E. (2d) 451 (1987).

On post-conviction relief, the judge found counsel was ineffective for failing to object to respondent's exclusion from the pretrial hearing. The PCR judge also found counsel ineffective for failing to object to the use of the videotape testimony and failing to pursue the issue on appeal. We reverse both findings.

The first issue presented is whether the respondent's exclusion from the hearing to determine the necessity of using videotape testimony violated her right to confrontation. The primary interest secured by the confrontation clause is the right of cross-examination. *Douglas v. Alabama*, 380 U.S. 415, 85 S. Ct. 1074, 13 L. Ed. (2d) 934 (1965). The right to confrontation has been referred to as a "trial right." *Barber v. Page*, 390 U.S. 719, 88 S. Ct. 1318, 20 L. Ed. (2d) 255 (1968). *See also Pennsylvania v. Richie*, 480 U.S. 39, 107 S. Ct. 989, 94 L. Ed. (2d) 40 (1987). In *Kentucky v. Stincer*, 482 U.S. 730, 107 S. Ct. 2658, 96 L. Ed. (2d) (1987), the United States Supreme Court held a defendant's right to confrontation was not violated by his exclusion from the hearing held to determine the competency of children witnesses. The Kentucky Supreme Court had held the defendant's rights were violated because the hearing was a "crucial phase" of the trial. The United States Supreme

Court held although it was crucial in the sense that if the children were found incompetent, the defendant may not have been convicted; however, the appropriate question under the confrontation clause is whether there has been any inference with the defendant's opportunity for effective cross-examination at trial. *Id.* at 745 n. 17, 107 S. Ct. at 2667 n. 17, 96 L. Ed. (2d) at 647 n. 17.

Respondent's exclusion from the hearing to determine the necessity of using videotape testimony did not hinder her effective cross-examination at trial. We therefore conclude her right to confrontation was not violated by her exclusion from this hearing.

Further, respondent argues she had a due process right to be present. A defendant has the right to be present at any stage of the criminal proceeding that is *critical to its outcome* if his or her presence would contribute to the fairness of the procedure. *Stincer,* 482 U.S. at 745, 107 S. Ct. at 2667, 96 L. Ed. (2d) at 647. The hearing to determine the necessity of using videotape testimony is not critical to the outcome of the action. Unlike a competency hearing, the decision to be made is not whether a witness will testify, but the circumstances under which the testimony will be taken. Thus, respondent had no due process right to be present.

The PCR judge also found respondent's right to confrontation was violated at the trial itself when the videotape testimony was used. The PCR judge unfortunately did not have the benefit of *Maryland v. Craig,* — U.S. —, 110 S. Ct. 3157, 111 L. Ed. (2d) 666 (1990), at the time. In *Craig,* the United States Supreme Court upheld the use of testimony via a one-way closed circuit television provided the procedure is necessary to further an important state interest. The *Craig* court held in some cases the state's interest in protecting a minor child from further trauma and embarrassment is sufficiently important to outweigh a defendant's right to face his or her accusers in court. *Id.* A case specific finding of necessity is required. *Id.; see also State v. Rogers,* 293 S.C. 505, 362 S.E. (2d) 7 (1987) (the fact that children generally feel uncomfortable testifying in open court found to be inadequate). In the instant case, the trial judge made a case specific factual finding that the child was fearful of testifying in front of respondent and would be traumatized

and intimidated if required to testify in her presence. This factual finding was supported by the child's testimony and that of the psychiatrist. We hold this finding adequately meets the requirements of *Craig* and this Court's precedents. *See State v. Murrell,* 302 S.C. 77, 393 S.E. (2d) 919 (1990).

In *Murrell,* this Court set down the proper procedure for the use of videotaped testimony. We held the defendant should have counsel present in both the courtroom with the witness and with the defendant. *Murrell,* 302 S.C. at 81, 393 S.E. (2d) at 921. In the instant case, respondent maintained contact with her attorney in the courtroom by the use of headphones. We hold this procedure meets the requirements of *Murrell.* Thus, respondent's right to confrontation was not violated by the use of the videotaped testimony.

Since we find no violation of the respondent's rights, counsel's performance was not deficient in failing to object or pursue objections that were made on appeal. Thus, Starnes has failed to meet the first prong of the test for determining ineffective assistance of counsel. *Cherry v. State,* 300 S.C. 115, 386 S.E. (2d) 624 (1989).

Because there is no evidence to support the findings of ineffective assistance, the order of the PCR judge is

Reversed.

GREGORY, C.J., and HARWELL, FINNEY and CHANDLER, JJ., concur.