478 S.E.2d 537

The STATE, Respondent,

v.

Lee Dell BRADLEY, Appellant.

No. 2564.

Court of Appeals of South Carolina.

Submitted Sept. 10, 1996.

Decided Oct. 7, 1996.

Chief Attorney Daniel T. Stacey, of the SC Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, Columbia; and Solicitor Barbara R. Morgan, Aiken, for respondent.

HOWELL, Chief Judge: Lee Dell Bradley appeals the trial judge's denial of his motion for reduction of sentence. We affirm.

### Facts

Appellant Lee Dell Bradley originally pled guilty to an armed robbery charge and was sentenced to fifteen years in

prison. Subsequently, Judge Rodney A. Peeples granted post-conviction relief to Bradley. The trial jury found him guilty of armed robbery, and Judge James W. Johnson, Jr., Circuit Court Judge, sentenced him to eighteen years. Thereafter, Bradley moved to reduce his sentence, alleging that Judge Johnson acted out of vindictiveness in imposing a greater sentence. Bradley was not present at the motion hearing. Judge Johnson denied the motion.

### Discussion

Bradley asks this Court to remand for a *de novo* hearing on his motion to reduce sentence, alleging that he was denied his due process right to be present at the motion hearing. We disagree and find that he had no such right.

The Fourteenth Amendment right to be present is a condition of due process in so far as a fair and just hearing would be impeded by the defendant's absence. *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934) (held that the defendant had no right to be present at bare inspection of the crime scene). The test adopted by the Court to determine whether a defendant's presence is necessary to ensure a fair and just hearing is whether his presence "bears, or may fairly be assumed to bear, a relation, reasonably substantial, to his opportunity to defend." *Id.* at 106, 54 S.Ct. at 332. The Court further clarified that the due process right to be present is not guaranteed where the defendant's presence does not add anything to the proceeding. *Id.* at 106–07, 54 S.Ct. at 332–33. Therefore, a defendant has a guaranteed right to be present at the critical stages of the criminal proceeding where the defendant's presence would contribute to the proceeding's fairness. *Kentucky v. Stincer*, 482 U.S. 730, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (held defendant's due process right to be present was not violated by his exclusion from a witness competency hearing).

The South Carolina Supreme Court has applied the *Snyder* test in several cases. In holding that a defendant's due process right to be present was not violated when he was denied his request to be present during his motion for a new

trial, the supreme court reasoned that a trial was not involved and that the defendant's presence was unnecessary as he did not request to be heard nor did he have any unique knowledge to share with the court. *State v. Corn,* 224 S.C. 74, 77 S.E.2d 354 (1953). Likewise, the supreme court has held that a defendant's presence is unnecessary when it is a stage in the criminal proceeding which is not critical to the outcome. *State v. Caldwell,* 300 S.C. 494, 388 S.E.2d 816 (1990) (the hearing was to determine whether counsel should be dismissed due to a potential conflict of interest); *Starnes v. State,* 307 S.C. 247, 414 S.E.2d 582 (1991) (held defendant need not be present at hearing to determine necessity of using videotaped testimony of child sexual assault victim).

No precedent supports Bradley's right to be present. The trial was over. Sentence had already been decided. The motion in question, to reduce his sentence, was premised on vindictiveness of the trial judge. There is no showing that Bradley had any knowledge of relevant facts supporting this premise which were not reflected in the record or which were not known to his attorney. Even Bradley's attorney offered no evidence to support this premise and commented on the record that he himself believed that the trial judge did not act vindictively. Bradley was denied no technical or substantial right due to his absence.

For the foregoing reasons the judgment below is

**AFFIRMED.**

HEARN and STILWELL, JJ., concur.