530 S.E.2d 137

In the Interest of ROBERT D., a minor under the age of seventeen (17), Appellant.

No. 3146.

Court of Appeals of South Carolina.

Submitted March 7, 2000.
Decided April 10, 2000.

Assistant Appellate Defender Aileen P. Clare, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Attorney General Charles H. Richardson; and Solicitor Warren B. Giese, all of Columbia, for respondent.

14

HOWARD, Judge:

The family court adjudicated Robert D. delinquent for assault with intent to commit criminal sexual conduct. The court committed him to the Department of Juvenile Justice for an indefinite term not to exceed his twenty-first birthday. Robert D. appeals, arguing the trial court (1) violated his right to confront the witnesses against him by allowing the complaining witness to testify via closed-circuit television (CCTV); and (2) erred in refusing to hold a *Neil v. Biggers*[1] hearing. We affirm.

## FACTS/PROCEDURAL BACKGROUND

The victim is a mentally disabled girl who, at the time of the assault, attended high school with Robert D. She reported to a physical education teacher and a coach that a boy named "Robert" sexually assaulted her between classes. She did not know Robert's last name, but could describe him and knew that he was friends with two girls in her special education class. Based on this information, the coach/school administrator investigated her complaint, and concluded Robert D. was the person identified by the victim. He brought Robert into his office where the victim positively identified him as her attacker.

The solicitor's office filed a juvenile petition with the family court charging Robert D. with assault with intent to commit criminal sexual conduct. At an adjudicatory hearing, the family court allowed the victim to testify via CCTV and refused to hold a *Neil v. Biggers* hearing regarding her pretrial identification of Robert D.

The victim testified in detail about the attack. She also stated that immediately after the assault, Robert D. put his hands around her throat and threatened her to keep her from telling. This appeal follows Robert D.'s delinquency adjudication and dispositional bearing.

## LAW/ANALYSIS

Robert D. first argues the family court violated his state and federal constitutional rights to confront the witnesses

---

1. 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

against him by allowing the victim to testify via CCTV. Specifically, he argues the court failed to make the factual findings required by *Maryland v. Craig*,[2] in order to determine that the special procedure was necessary.[3] We find no error.

South Carolina Code Section 16-3-1550(E) requires circuit and family courts to treat certain witnesses, including the very young and the handicapped, sensitively. S.C.Code Ann. § 16-3-1550(E) (Supp.1999). Our supreme court has held a former version of this statute allows use of videotaped testimony, under certain circumstances, without offending the defendant's confrontation rights. *See State v. Cooper*, 291 S.C. 351, 353 S.E.2d 451 (1987) (citing S.C.Code Ann. § 16-3-1530(G) (1985)). In *State v. Murrell*, our supreme court described the procedure for trial courts to follow in permitting a witness to testify via CCTV or videotape:

> First, the trial judge must make a case-specific determination of the need for videotaped testimony. In making this determination, the trial court should consider the testimony of an expert witness, parents or other relatives, other concerned and relevant parties, and the child. Second, the court should place the child in as close to a courtroom setting as possible. Third, the defendant should be able to see and hear the child, should have counsel present both in the courtroom and with him, and communication should be available between counsel and appellant.

*State v. Murrell*, 302 S.C. 77, 80-81, 393 S.E.2d 919, 921 (1990) (footnote omitted). The court noted that a trial court's decision to allow testimony via CCTV will only be reversed for abuse of discretion in making the decision or in implementing the appropriate procedure. *Id.* at 82, 393 S.E.2d at 922.

In 1990, the United States Supreme Court addressed a confrontation clause argument against the use of child testimony via CCTV. *Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). The Court ruled that a finding

---

2. 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990).

3. Although Robert D. challenges the decision to allow the use of CCTV for the victim's testimony, he does not challenge the manner in which the family court implemented the procedure.

of necessity of such procedures must be made on a case by case basis, and is proper only if (1) the procedure is necessary to protect the welfare of the child witness; (2) the witness would be traumatized, not by the courtroom in general, but by the presence of the accused in particular; and (3) the witness's emotional distress is more than mere nervousness or reluctance to testify. *Id.*

In considering the effect of *Craig* on our state guidelines for taped or CCTV testimony, this Court reasoned:

> *Craig* did not alter the *Murrell* analysis but instead further amplified its first prong: a trial court's decision must be based on the case-specific finding that the use of an alternative procedure is necessary to prevent a particular child from the trauma of testifying in the defendant's presence. Only then can a state's compelling interest outweigh a defendant's Constitutional guarantee of the right to confront the witnesses against him.

*State v. Lewis*, 324 S.C. 539, 545, 478 S.E.2d 861, 864 (Ct.App. 1996).

■ As a threshold matter, the State argues Robert D. failed to adequately raise this issue to the trial court. We disagree. Although he did not specifically mention any constitutional provisions, the record reflects Robert D. complained the testimony would violate his right of confrontation. Additionally, although he did not mention *Craig* or *Lewis* by name, Robert D. did argue the court would have to make a specific finding of necessity and, for the CCTV testimony to be allowed, the victim's fear would have to be of the defendant. Therefore, we find the issue is properly preserved for appeal.

■ We also conclude, however, that the trial court did not abuse its discretion by allowing the victim to testify via closed circuit television. The court considered testimony from a medical doctor, a psychotherapist, the victim, and the victim's mother in support of the State's request that the victim testify via CCTV. In addition to having the mental functioning of a seven or eight year old, the victim in this case also suffered from a hereditary immune system disorder placing her at risk of severe swelling of any body part during periods of illness or stress. A medical doctor who treated the victim for this disorder testified the victim had previously been hospitalized

when swelling in her intestines triggered intractable vomiting resulting in dehydration. According to the doctor, emotional distress could cause severe swelling in her air passages resulting in death by suffocation. The victim's immune system disorder further complicates her condition because it sometimes prevents proper absorption of medication taken for her seizure disorder. The doctor explained that because of the various risks to her life and health the victim "should take special precautions to avoid situations that can be avoidable, particularly those that would be severely emotionally stressful."

The State also presented substantial evidence the victim would suffer emotional distress if forced to testify in Robert D.'s presence. Following the assault, she suffered nightmares, anxiety, irritability, and aggressiveness. A clinical psychotherapist who counseled the victim after the attack opined the victim would not be able to testify fully in the defendant's presence because she would be easily upset, scared, and confused. The victim testified that although she wanted to testify against Robert D., she did not want to testify in his presence because she was afraid of him because following the attack, he threatened her. Her mother also testified the victim had previously stated she was afraid to see Robert D.

The court articulated case specific reasons for the decision, finding the procedure necessary to protect the victim's physical and psychological welfare. The court noted the victim would suffer more than simple nervousness if made to testify in Robert D.'s presence. It is clear from the ruling, when read in the context of the testimony supporting the decision, that the court concluded the victim would be traumatized by being forced to testify in the defendant's presence. Consequently, we find no abuse of discretion.

## II. Identification Hearing

Robert D. next argues the family court erred by refusing to hold an identification hearing pursuant to *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). We disagree.

First, Robert D. contends the family court erred in concluding that *Neil v. Biggers* did not apply because law

enforcement agents did not arrange the out-of-court identification. However, we agree with the family court and the courts of other jurisdictions that "the principle expressed in *Neil v. Biggers* deals with the suggestiveness of an identification procedure used by police, and applies only to state action." *Semple v. State*, 271 Ga. 416, 519 S.E.2d 912 (1999); *see also United States v. Peele*, 574 F.2d 489 (9th Cir.1978). School officials, rather than the police, arranged the victim's identification of Robert D. in this case. Therefore, *Neil v. Biggers* does not apply.

 Even if *Neil v. Biggers* does apply to identifications arranged by persons not connected with law enforcement, we also agree with the family court that a hearing was not necessary in this case because the victim knew the defendant. The record reflects the victim knew Robert D. by his first name, recognized him as a friend of two of her classmates, and remembered he watched a couple of films with her class. The victim's teacher verified Robert D. watched films with her class and was friendly with the classmates the victim mentioned. The rules regarding out-of-court identifications "are designed for application where the accused and the victim are strangers to each other; they were never intended to apply where the victim knew the accused. The constitutional and procedural safeguards, which the defendant claims were necessary, simply do not apply under the facts of this case." *State v. McLeod*, 260 S.C. 445, 448, 196 S.E.2d 645, 646 (1973).

## CONCLUSION

Accordingly, for the reasons discussed above, Robert D.'s delinquency adjudication is

**AFFIRMED.**

GOOLSBY and CONNOR, JJ., concur.