**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Timothy James Thompson, Appellant.

Appellate Case No. 2022-000397

———————

Appeal From Fairfield County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-365
Submitted October 23, 2025 – Filed November 5, 2025

———————

**AFFIRMED**

———————

Appellate Defender Gary Howard Johnson, II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General J. Anthony Mabry, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

———————

**PER CURIAM:**  Timothy James Thompson appeals his convictions for murder and hit-and-run involving death and concurrent sentences of life imprisonment for murder and ten years' imprisonment for hit-and-run involving death.  On appeal, Thompson argues the trial court erred in allowing a witness to testify remotely because the circumstances were not sufficient to justify the remote testimony and he was entitled to a live confrontation with the witness.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not abuse its discretion in allowing the witness to testify remotely because there was evidence demonstrating the elderly witness was unable to travel to court without a risk to his health.  *See State v. Bray*, 342 S.C. 23, 27, 535 S.E.2d 636, 639 (2000) ("A trial court's decision to allow videotaped or closed-circuit testimony is reversible 'only if it is shown that the trial judge abused his discretion in making such a decision[.]'" (quoting *State v. Murrell*, 302 S.C. 77, 82, 393 S.E.2d 919, 922 (1990))); *id.* at 27, 535 S.E.2d at 639 ("Where there is evidence to support a trial court's ruling, it will not be overturned for an abuse of discretion.").  Although the witness was within the county on the day of the trial, the trial court allowed the witness to testify via remote communication technology based on his advanced age and the "risk to [his] health and safety."  The witness testified under oath that his health prevented him from traveling and agents of the court sent to transport him to the courthouse confirmed he was in too much pain to be moved.  Accordingly, the trial court's finding of necessity does not lack evidentiary support.  *See Re: Use of Remote Communication Technology by the Trial Courts*, 2021-001032 (S.C. Sup. Ct. Order dated Feb. 19, 2025) (stating that a trial court may allow remote testimony without the consent of the parties if the justification to do so rises to the standard established by *Maryland v. Craig*, 497 U.S. 836 (1990)); *Craig*, 497 U.S. at 837 ("[T]he right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the testimony's reliability is otherwise assured."); *State v. Johnson*, 422 S.C. 439, 453, 812 S.E.2d 739, 746 (Ct. App. 2018) (explaining "courts have generally permitted such testimony only in cases in which the witness's health prevents him or her from traveling or possibly when a witness is beyond the subpoena power of the court."); *State v. Carter*, 433 S.C. 352, 357, 857 S.E.2d 910, 912 (Ct. App. 2021) ("The law favors face-to-face confrontation but requires the court to 'treat sensitively witnesses who are very young, elderly, handicapped, or who have special needs by using closed or taped sessions when appropriate.'" (*quoting* S.C. Code Ann. § 16-3-1550(E) (2015))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and VINSON and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.