24274

SC DSS ON BEHALF OF STATE OF TEXAS and Lynn Holden, Respondents v. Robert HOLDEN, Appellant.

(459 S.E. (2d) 846)

Supreme Court

*W. Grady Jordan,* of *Law Offices of Ronnie L. Smith,* Easley, *for appellant.*

*Dana A. Cooper,* of *S.C. Dept. of Social Services Office of Child Support Enforcement,* Greenville, *for respondents.*

Heard Feb. 21, 1995.

Decided July 17, 1995.

WALLER, Justice:

Appellant Robert Holden (Father) appeals an Order finding him liable for child support and child support arrearages. We affirm.

## FACTS

Respondent Lynn Holden (Mother) and Father were divorced in Texas in 1983. The divorce decree provided that Father would pay child support for the couple's two children in the amount of $250 per month. Father has failed to pay any support.

Mother instituted this action in Texas in 1992 under the

Uniform Reciprocal Enforcement of Support Act (URESA),[1] seeking child support, medical coverage, and collection of arrearages due. The family court found Father in arrears of $32,250, ordering that it be repaid at $25 per month, along with child support payments of $125 per child. Father appeals.

## ISSUES

1. Does the defense of laches bar Mother's claim for child support arrearages?
2. Does the defense of equitable estoppel bar Mother's claims for child support and child support arrearages?
3. Was Father entitled to have the case continued so that he could conduct discovery?
4. Were Father's due process rights violated by the proceedings in the family court?

## DISCUSSION

### 1. Laches

Father contends that Mother's claim for support arrearages is barred by the defense of laches. We disagree.

Laches is defined as:

> Neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done. Whether a claim is barred by laches is to be determined in light of the facts of each case, taking into consideration whether the delay has worked injury, prejudice, or disadvantage to the other party; delay alone in assertion of a right does not constitute laches.

*Hallums v. Hallums*, 296 S.C. 195, 198-199, 371 S.E. (2d) 525, 527 (1988). In *Hallums, supra,* the Court held that Mother's failure to seek child support during the child's minority barred her claim for 16 years of retroactive support. *See also Lundh v. Fontana*, 288 S.C. 530, 343 S.E. (2d) 649 (Ct. App. 1986) (Mother's 20-year delay was not unreasonable given the facts of the case).

---

[1] S.C. Code Ann. § 20-7-960, *et seq.* (1985).

Here, Father lived in the same town as Mother after the parties' divorce for two years. During that time, he often kept the children on weekends. Thereafter, Father moved to Florida, Ohio, and South Carolina. He presented evidence that Mother knew his addresses in each of these states, but did not seek support until this action was filed in 1992, nine years from the time of their divorce. He argues that the delay was unreasonable.

On the other hand, Mother, by affidavit, testified that, since the divorce she continually asked Father to pay child support, but he refused. She contacted the Attorney General's office and was advised that her chances of collecting from Father were "not very good" considering his sporadic work history. She again contacted the Attorney General's office when she discovered that Father was employed in Florida, but was told that it would cost $300 to file an action for support. Mother did not have sufficient funds to pursue the action. Mother returned to the Attorney General's office after learning that Father and his current wife received $9,000 from the sale of property and were planning to move to South Carolina. This action was initiated.

We hold that the record does not support Father's defense of laches. First, Mother justified the delay in her affidavit. Second, since he has been ordered to repay the arrearages at the modest rate of $25 per month, rather than in a lump sum, Father has failed to show that he is prejudiced by Mother's delay.[2]

### 2. Equitable Estoppel

Father also contends that Mother is equitably estopped for seeking support and arrearages since they agreed at the time of divorce that Father would not pay support. He states that the divorce decree provided for child support only because their attorney advised them that the family court would not approve an agreement for no support.

A party claiming equitable estoppel must show:

---

[2] It will take 95 years to repay the full amount of arrearages at the rate of $25 per month.

1. a lack of knowledge and the means of knowledge of truth as to facts in question;
2. justifiable reliance upon the conduct of the party estopped; and
3. prejudicial change in the position of the party claiming estoppel.

*Walton v. Walton,* 282 S.C. 165, 318 S.E. (2d) 14 (1984). *See also Kane v. Kane,* 280 S.C. 479, 313 S.E. (2d) 327 (Ct. App. 1984).

Father's defense of equitable estoppel fails since: (1) there is evidence that Mother consistently asked Father to pay support since the time of the divorce; (2) there is no evidence that Father changed his position in reliance of the alleged agreement to not pay support; and (3) as noted above, at $25 per month, Father is not prejudiced by the payment of arrearages since it will take 95 years to remit the full amount. Also, Father could have ascertained the accuracy of counsel's advice that the family court would not have approved the agreement if there was no provision for support. Accordingly, we hold that Mother is not equitably estopped from seeking child support and arrearages under these facts.

### 3. *Discovery*

Father contends that the family court should have continued the hearing of this matter so that he could take discovery pursuant to S.C. Code Ann. § 20-7-1055 (1985), which provides:

> If the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the petition or offers evidence constituting a defense, the court, upon request of either party, **shall** continue the hearing to permit evidence relative to the duty to be adduced by either party by discovery or by appearing in person before the court.... (Emphasis added.)

Father argues that the "shall" language in the statute mandates that the family court automatically continue the hearing at his request. We disagree.

Here, the record shows that the hearing was originally scheduled for September 16, 1993, but was continued until March 31, 1994, for further investigation. Father

had an additional 6 months to conduct discovery if he so desired. Therefore, he has already received the relief requested. Moreover, Father does not say what information he hoped discovery would produce. We do not interpret § 20-7-1055 to allow a party to continuously and needlessly continue litigation. *See Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 440 S.E. (2d) 364 (1994) (Court will interpret statute so as to promote legislative intent and escape absurd results).

### 4. *Due Process*

Father contends his due process rights were violated by the admission of Mother's affidavit since he was not given the opportunity to confront and cross-examine her in court. We disagree.

> The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Due process does not mandate any particular form of procedure. Instead, due process is a flexible concept, and the requirements of due process in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur.

*S.C.N.B. v. Central Carolina Livestock Market,* 289 S.C. 309, 345 S.E. (2d) 485 (1986) (internal citations omitted).

The right to confrontation, although historically limited to criminal prosecutions, has been applied in the civil context. *Brown v. S.C. State Board of Education,* 301 S.C. 326, 391 S.E. (2d) 866 (1990); *State of S.C. v. Nest Egg Society Today, Inc.,* 290 S.C. 124, 348 S.E. (2d) 381 (Ct. app. 1986). However, even if a party is not given the opportunity to confront witnesses, due process is not violated if there has been a meaningful opportunity to be heard. *S.C.N.B. v. Central Carolina Livestock Market, supra.*

The record here shows that Father's due process guarantees were satisfied by the hearing before the family court. He has made no showing that he attempted, via deposition or otherwise, to cross-examine Mother concerning her affidavit, although he had a six-month continuance to do this. Moreover, he was given a full opportunity to present his side of the case and dispute Mother's affidavits. We defer to the discretion of

the family court to judge Father's credibility. *Lundh v. Fontana, supra.*

Affirmed.

FINNEY, C.J., TOAL and MOORE, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.