THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Willie Doe and Vivian Doe, Appellants.
 In the Interests of:
 Brittany Roe DOB 05/20/90,
 R. Doe DOB 3/31/95, and 
 L. Doe DOB 03/30/98,
 Minors of the age of 18. 
 
 
 

Appeal From Williamsburg County
 George M. McFaddin, Jr., Family Court Judge

Unpublished Opinion No. 2006-UP-077
Submitted February 1, 2006  Filed February 9, 2006

AFFIRMED

 
 
 
 John D. Elliott, of Columbia, for Appellants. 
 Ernest Joseph Jarrett, of Kingstree, for Respondent. 
 James Darrell Dotson, of Lake City, for Guardian Ad Litem. 
 
 
 

PER CURIAM: Willie and Vivian Doe[1] appeal from a family court order removing his then fourteen year old daughter, Brittany, from their custody based upon a finding of sexual abuse against him.  The family court permitted, over objection, the minor child to testify outside Willie Does presence, and the sole ground asserted on appeal is that the evidence did not justify any legally sufficient necessity for doing so.  We affirm. [2] 
FACTS
Willie Doe (Father) is the biological father of Brittany.  For the first twelve years of her life, Brittany had little contact with Father and lived with her mother.  When Brittanys mother died in 2002, Brittany began living with Father and his wife, Vivian Doe, in South Carolina.  On September 22, 2003, the South Carolina Department of Social Services (DSS) brought this action seeking custody of Brittany, alleging that Father sexually abused her.  DSS moved to allow the minor child to testify outside the presence of Father at trial.  
In consideration of the motion, expert testimony was presented by the childs therapist, who testified that requiring the child to testify in the presence of Father, a police officer, would be traumatic and might cause a regression in her functioning.  The therapist testified that the child had expressed anxiety about testifying in front of Father, saying she didnt know if she could handle [it] because she was afraid of Father.  
Without objection from either party, the family court judge also heard testimony in camera with only the minor child and the guardian ad litem present.  The family court judge observed that the child was extremely articulate in expressing her concerns about testifying with [Father] present.  The judge further noted that the child expressed, without solicitation, that this matter was a very serious concern for her and that she felt like she could testify more fully and freely if Father were absent.  Finding that she was afraid to testify in front of Father, and that requiring testimony under those circumstances would potentially negatively affect the child, the family court judge granted the motion to permit the child to testify outside Fathers presence.    
Once the motion was granted, counsel for both parties agreed on the procedure for taking the childs testimony.  It was agreed that during the childs testimony at trial, Father would remain in an adjacent room in which he would be able to hear the proceedings via a speaker, and to knock on the door to stop the proceedings should he need to consult with his attorney.  The child then testified regarding the allegations, describing episodes of fondling, masturbation, and intercourse.  DSS presented corroborating testimony, and Father presented witnesses who testified on his behalf.  
The family court judge found that Father sexually abused his daughter and granted custody to DSS.  Father was ordered to pay child support and his name was entered in the Central Registry of Child Abuse and Neglect.  This appeal followed.  
ANALYSIS
Father argues his confrontation rights were violated by allowing his daughter to testify outside his presence, limiting his challenge on appeal to the claim that the evidence did not justify any legally sufficient necessity for doing so.  In criminal cases, the right of an accused to confront, face to face, witnesses against him at trial is constitutionally protected.[3]  Coy v. Iowa, 487 U.S. 1012, 1016 (1988); U.S. Const. amend. VI; S.C. Const. art. I, § 14.  Historically, the right of confrontation and cross examination has been held to apply in criminal prosecutions.  State ex rel. Medlock v. Nest Egg Soc. Today, Inc., 290 S.C. 124, 130, 348 S.E.2d 381, 385 (Ct. App. 1986).  The right of confrontation has additionally found limited application in civil cases.  S.C. Dept of Social Services on Behalf of State of Tex. v. Holden, 319 S.C. 72, 78-79, 459 S.E.2d 846, 849-850 (1995).  The area of child abuse and neglectfamily court intervention proceedingsis one area where the right of confrontation is implicated.  The standard for criminal cases involving child witnesses, while not directly applicable, was found by our supreme court to provide useful guidance in establishing a standard for intervention proceedings in family court.  S.C. Dept of Social Services v. Wilson, 352 S.C. 445, 455, 574 S.E.2d 730, 735 (2002).
The Wilson court set forth the following guidelines.  First, the family court must make case-specific findings of need for special accommodations, and place those findings on the record.  Id.  The court may consider the childs age, mentality, and any other pertinent information, and should consider the testimony of the child and other relevant witnesses in making its determination.  Id.  Second, if the child witness is allowed to testify outside the defendants presence, arrangements must be made to ensure that testimony is given in an environment that indicates the seriousness of the matter.  Id.  The defendant must be able to hear the childs testimony, and to confer with counsel, who must be able to cross-examine the child witness.  Id. at 455-56, 574 S.E.2d at 735.  
Because no objection was raised at trial to the procedure used during testimony in this case,[4] the only issue is whether the family courts findings complied with Wilson.  The family court made case-specific findings on the record.  Although the findings could have been more fully developed, we find they were sufficient to satisfy the Wilson standard.  The judge considered expert testimony that the childs functioning and ability to testify would be adversely affected by the physical presence of Father in the courtroom.[5]  The judge considered the childs age, her concerns that she would not be able to testify freely with Father present, and the fact that her academic performance, which had suffered during the period the alleged incidents occurred but had progressively improved since then, might be adversely affected.  We find no abuse of discretion in the family court judges decision to permit the child to testify outside the presence of Father. 
CONCLUSION
We hold that the family court complied with the Wilson standard in permitting the minor child to testify outside of Fathers presence.  We thus find no abuse of discretion, and the decision of the family court is
AFFIRMED.
HEARN, C.J., ANDERSON, and KITTREDGE, JJ., concur.

[1]  We find the use of the name Doe is appropriate in light of the allegations and findings of sexual abuse.
[2]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[3]  Even in criminal cases, however, this right must occasionally give way to considerations of public policy, such as the trauma suffered by a child victim of sexual abuse when testifying in the presence of the defendant.  Maryland v. Craig, 497 U.S. 836, 857 (1990).  
[4]  The procedure used during trial was suggested by Fathers attorney.  
[5]  Father did not object to the therapists qualification as an expert witness.