THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Brendalee Ables, Appellant,
 
 
 

v.

 
 
 
 Michael Gladden, Respondent.
 
 
 

Appeal From Darlington County
 Roger E. Henderson, Family Court Judge

Unpublished Opinion No. 2006-UP-420
Submitted November 1, 2006  Filed December 19, 2006

AFFIRMED

 
 
 
 Holly Palmer Beeson, of Columbia, for Appellant.
 Newton I. Howle, Jr., of Darlington, for Respondent.
 
 
 

PER CURIAM:  In this action for reimbursement of child-related expenses, Brendalee Ables (Wife) appeals the family courts order denying her claims for the reimbursement of medical expenses, health insurance premiums, work-related child care expenses, educational expenses, and retroactive child support.  Further, Wife claims the family court miscalculated its award of $300 to Wife based on improper credits previously given to Michael Gladden (Husband).  We affirm.  
FACTS
In 1992, Wife and Husband divorced by order of the Tokyo Family Court, Hachiohji Chapter (divorce decree).  The divorce decree awarded Wife sole custody of the minor child and ordered Husband to pay child support in the amount of $842 per month from June 1992 until August 1992; $667 per month from September 1992 until Husband separated from the military; and $378 per month after Husband separated from the military.  By 1993, Husband and Wife returned to the United States.  Upon return, Husband moved to North Carolina, and Wife moved to South Carolina.  Once in South Carolina, Wife enrolled the child in private school where she remained until graduating in 2004.   
In 1994, the North Carolina General Court of Justice issued an order to modify the divorce decree.  This order provided that Husband pay $46 per month in child support and provide health insurance coverage for the child when it is available at a reasonable cost.  The order further stated that [h]ealth insurance is defined to be reasonable in cost if it is employment related or other group insurance.  In addition, the order provided that Husband will be liable for any medical expenses incurred if he fails to obtain or maintain health insurance coverage as specified.  
Prior to 1997, Husband moved to South Carolina.  In 1997, Wife sent a certified letter to Husband requesting payment for medical expenses, daycare expenses, and educational expenses.  Husband signed for the letter but did not respond.  
On December 17, 1998, the South Carolina Department of Social Services, on behalf of Wife, filed a Notice of Registration of the Japanese Divorce Decree in the South Carolina family court, but the court held the 1994 North Carolina Order was the proper order to register in South Carolina.  The court also ordered Husband to pay arrears for failure to make regular payments.  Between the end of 1998 and 2005, the family court issued several orders relating to the payment and enforcement of child support. 
In 2005, Husband filed a motion to terminate ongoing support.  At the March 30, 2005 hearing, Wife raised issues regarding reimbursement for medical expenses, daycare expenses, and health insurance coverage.  The court found the issues were not properly before it but reserved the resolution of those issues for a future hearing.  The court terminated ongoing child support as of March 29, 2005 due to the child turning eighteen and ordered Husband to pay arrears until paid in full.  
On June 22, 2005, Wife filed a complaint against Husband requesting a retroactive increase in child support for the period of time from 1994 until 2002, increased child support from 2003 through 2005 based on an alleged improper credit given to Husband, and reimbursement for medical expenses, health insurance premiums, work-related daycare expenses, and education expenses.  The family court: (1) denied as untimely the request for a retroactive child support increase and reimbursement for medical expenses, health insurance premiums, and work-related daycare expenses; (2) denied the request for reimbursement for education tuition as untimely because Wife failed to prove extremely unusual circumstances; and (3) awarded Wife $300 reimbursement for the sixty weeks Husband received improper credit for health insurance premiums.  This appeal followed.         
STANDARD OF REVIEW
In an action on appeal from the family court, the appellate court may find facts in accordance with its own view of the preponderance of the evidence.  Engle v. Engle, 343 S.C. 444, 448, 539 S.E.2d 712, 714 (Ct. App. 2000) (citation omitted).  [T]he appellate court is not, however, required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Hooper v. Rockwell, 334 S.C. 281, 297, 513 S.E.2d 358, 367 (1999) (citation omitted).  
In general, child support awards are within the sound discretion of the trial judge, and absent an abuse of discretion, the awards will not be disturbed on appeal.  Mitchell v. Mitchell, 283 S.C. 87, 92, 320 S.E.2d 706, 710 (1984).  An abuse of discretion occurs when the court is controlled by some error of law or where the order, based upon findings of fact, is without evidentiary support.  Kelley v. Kelley, 324 S.C. 481, 485, 477 S.E.2d 727, 729 (Ct. App. 1996) (citations omitted).             
LAW/ANALYSIS
I.  Medical Expenses, Health Insurance Premiums, Child Care Expenses, Private School Tuition Payments, and Retroactive Child Support 
Wife contends the family court erred in finding her claims for $8,035.14 in medical expenses and health insurance premiums, $4,502.25 in work-related child care expenses, $14,458.00 in educational expenses, and retroactive child support for the period between 1994 and 2002 were untimely.  We disagree.  
A claim or right may be barred as untimely when the equitable doctrine of laches applies.  Terry v. Lee, 314 S.C. 420, 426-27, 445 S.E.2d 435, 438 (1994).  Laches is defined as [n]eglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done.  S.C. Dept of Soc. Servs. on Behalf of State of Tex. v. Holden, 319 S.C. 72, 75, 459 S.E.2d 846, 848 (1995).  Whether a claim is barred by laches is to be determined in light of the facts of each case, taking into consideration whether the delay has worked injury, prejudice, or disadvantage to the other party; delay alone in assertion of a right does not constitute laches.  Id.  
The party seeking to establish laches must show (1) delay, (2) unreasonable delay, and (3) prejudice.  Emery v. Smith, 361 S.C. 207, 215, 603 S.E.2d 598, 602 (Ct. App. 2004).  Generally, the inquiry into the applicability of laches is highly fact-specific; thus, the determination of whether a party has established laches is largely within the discretion of the trial court.  Id. at 216, 603 S.E.2d at 602.
We hold the record supports the family courts decision that laches bars Wifes claims.  First, the evidence demonstrates that Wife delayed in asserting her rights.  Wife failed to bring any formal adjudicatory proceeding against Husband until 2005, despite believing Husband was responsible for expenses and support since 1994.  See Hallums v. Hallums, 296 S.C. 195, 199, 371 S.E.2d 525, 528 (1988) (finding delay when mother had sixteen years during which she could have enforced her right to have the father support their child).  
Second, Wifes delay was unreasonable.  Despite Wifes contention that Husband was difficult to locate, the evidence shows Husband was readily accessible.  For example, Wife sent Husband a certified letter in 1997, indicating her knowledge of his residence.  Furthermore, Wife and Husband were involved in multiple court proceedings between 1999 and 2005 regarding issues surrounding Husbands child support payments.  See id. (finding delay unreasonable when mother was afforded numerous earlier opportunities to enforce child support obligation).  
Finally, the evidence shows Husband would be prejudiced by the unreasonable delay.  Wife is claiming reimbursement for expenses totaling $26,995.39 in addition to retroactive child support for 1994 through 2002.  In this situation, the substantial burden of paying such a large amount would prejudice Husband.  See id. at 200, 371 S.E.2d at 528 (finding prejudice when husband may be subjected to burden of paying large sum).  Therefore, we find the family court did not err in holding laches bars Wifes claim for reimbursements for expenses and a retroactive child support increase.
We note prejudice may not always arise when one owes a large sum to another.  See, e.g., Holden, 319 S.C. at 76, 459 S.E.2d at 848 (holding no prejudice shown when court ordered father to repay the arrearages at the modest rate of $25 per month, rather than in a lump sum).  However, we reiterate the fact-specific nature of the application of laches.  Emery, 361 S.C. at 216, 603 S.E.2d at 602.  While the appellate courts deference to the family court is not absolute, under the facts of this case, the family courts findings are entitled to deference by this Court.         
II.   Calculation of Credit
Wife asserts the family court erred by considering an improper credit Husband received for health insurance premiums he never paid.  Specifically, Wife argues she is entitled to an award in the amount of $660 as opposed to $300 the family court awarded Wife.  We disagree.  
In computing health insurance coverage for children in a child support award, the family court should reference the South Carolina Child Support Guidelines (the Guidelines).  S.C. Code Ann. Regs. 114-4710(A), 114-4720(G) (Supp. 2005).  
In this case, Wife requested that she be paid $660.  This amount represents what Husband would have actually paid for the health insurance without reference to either the Guidelines or the pro rata responsibility of the parties in making the calculation.  To determine what Husband should pay Wife, the family court calculated child support without including the cost of insurance pursuant to the Guidelines, which resulted in a weekly child support amount of $67.  Because the family courts original weekly child support order of $62 included the cost of insurance pursuant to the Guidelines, Husband underpaid Wife $5 per week over sixty weeks.  As such, the family court correctly ordered the $5 difference to be reimbursed to Wife for the sixty weeks that Husband underpaid the support, which amounted to a total of $300.
CONCLUSION
Based on the foregoing, we hold the family court did not err in determining that laches bars Wifes claims for medical expenses, health insurance premiums, work-related child care expenses, educational expenses, and retroactive child support.  We further hold the family court did not err in calculating Wifes award for the improper credit Husband received.  The family courts decision is accordingly 
AFFIRMED.[1]
HEARN, C.J., KITTREDGE, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.