THIS OPINION HAS NO PRECEDENTIAL VALUE. 
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 268(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Charleston
 County Department of Social Services, Appellant,
 v.
 William Price
 and Marianne Price, Respondents.
 In the Interest of: Two minor
children under the age of
eighteen (18) years.                                                                        
 
 
 

Appeal from Charleston County
Jocelyn B. Cate, Family Court Judge
Memorandum Opinion No. 2009-MO-066
Heard May 13, 2009  Filed December 21,
 2009
AFFIRMED

 
 
 
 Frampton 
 Durban, Jr., of North Charleston, for Appellant.
 David P
 McCann, of Charleston, Jon A. Mersereau, of Charleston, and Mariane Price, of
 Mt. Pleasant, for Respondents.
 Mary Ann
 Hall, of Charleston, for Guardian Ad Litem.
 
 
 

PER CURIAM: Appellant Charleston County Department of Social
 Services appeals from the family court's order denying its request to place Respondent
 William Price's name on the South Carolina Central Registry of Child Abuse and
 Neglect.  We affirm pursuant to Rule 220(b), South Carolina Appellate Court
 Rules, and the following authorities: Strickland v. Strickland, 375 S.C.
 76, 82, 650 S.E.2d 465, 469 (2007) (citing Cherry v. Thomasson, 276 S.C.
 524, 525, 280 S.E.2d 541, 541 (1981)) (acknowledging the appellate court's broad
 scope of review does not require it to disregard the findings of the family
 court, and noting "appellate courts should be mindful that the family
 court, who saw and heard the witnesses, sits in a better position to evaluate credibility and assign
 comparative weight to the testimony"); S.C. Dep't of Soc. Servs. on
 Behalf of State of Texas v. Holden, 319 S.C. 72, 78-79, 459 S.E.2d 846, 850
 (1995) (explaining appellate courts defer to the discretion of the family court to judge the credibility of a witness's testimony); Fiddie v. Fiddie, 384 S.C. 120, 126, 681 S.E.2d 42, 45 (Ct. App. 2009) (stating where an
 "issue seems to be a credibility determination, we give deference to the family court which heard the testimony and made a credibility determination").
AFFIRMED.
TOAL, C.J., WALLER, PLEICONES, BEATTY, and
 KITTREDGE, JJ., concur.