THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 In the Matter of
 the Care and Treatment of Fred Smith, III, Appellant.
 
 
 
 
 

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No.  2011-UP-202  
Submitted May 1, 2011  Filed May 3, 2011

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey DuRant,
 of Columbia, for Appellant.
 Attorney General Alan M. Wilson, Chief
 Deputy Attorney General John W. McIntosh, Assistant Attorney General Deborah
 R.J. Shupe, Assistant Attorney General R. Westmoreland Clarkson, and Assistant
 Attorney General William M. Blitch, Jr., all of Columbia, for Respondent.
 
 
 

PER CURIAM: Fred
 Smith, III, appeals his commitment to the South Carolina Department of Mental
 Health pursuant to a jury's finding he was a sexually violent predator (SVP)
 under the Sexually Violent Predator Act (the SVP Act).  Smith argues the trial
 court committed reversible error by limiting his cross-examination of the State's
 forensic psychologist regarding the conditions of his expected probation.  He
 contends that limitation violated his right to a meaningful cross-examination
 and excluded relevant evidence regarding alternate sources of treatment.  We
 affirm.[1]
The proceedings for
 committing inmates under the SVP Act are civil in nature.  In re Luckabaugh,
 351 S.C. 122, 135, 568 S.E.2d 338, 344 (2002).  "[A]lthough historically
 limited to criminal prosecutions, [the right to confront one's witnesses] has
 been applied in the civil context" under a procedural due process
 analysis.  S.C. Dep't Soc. Serv. v. Holden, 319 S.C. 72, 78, 459 S.E.2d
 846, 849 (1995) (citations omitted).  Within that analysis, "due process
 is not violated if there has been a meaningful opportunity to be heard."  Id. at 78, 459 S.E.2d at 849-50 (citation omitted).  Moreover, "[t]he scope of
 cross-examination rests largely in the discretion of the trial court."  Watson
 ex rel. Watson v. Chapman, 343 S.C. 471, 482, 540 S.E.2d 484, 489 (Ct. App.
 2000).  "To warrant the reversal of a limitation placed on the scope of
 cross-examination by the trial court, a manifest abuse of discretion and
 prejudice must be demonstrated."  Duncan v. Ford Motor Co., 385
 S.C. 119, 133, 682 S.E.2d 877, 884 (Ct. App. 2009).  Whether an error is
 prejudicial depends upon the importance of the witness's testimony, whether the
 testimony was cumulative, the presence or absence of corroborating or
 contradicting testimony, the extent of cross-examination permitted, and the
 strength of the opposing party's case.  State v. Mizzell, 349 S.C. 326, 333-34, 563
 S.E.2d 315, 318-19 (2002) (citation omitted).
Here, (1) Smith was given a
 meaningful opportunity to be heard and (2) no prejudice occurred in limiting
 Smith's cross-examination.  Smith extensively cross-examined the forensic
 psychologist about sex-offender programs in general and whether they could reduce
 the likelihood of an inmate's recidivism.  Moreover, the forensic psychologist testified
 about a psychological report and actuarial risk analysis he performed on Smith
 and suggested proper probation programs could reduce Smith's likelihood for
 re-offending.  The forensic psychologist also provided detailed testimony about
 Smith's lengthy criminal history and psychological problems.  Accordingly, the
 trial court properly limited the cross-examination.
AFFIRMED.

HUFF,
 WILLIAMS, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.