**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Evangelica H., Anthony P., Kedar S., John Doe, whose
true name is unknown, and James Doe, whose true name
is unknown, Defendants,

Of whom Kedar S. is the Appellant.

In the interest of two minor children.

Appellate Case No. 2011-185826

Appeal From Jasper County
Peter L. Fuge, Family Court Judge

Unpublished Opinion No. 2012-UP-539
Submitted September 4, 2012 – Filed September 25, 2012

**AFFIRMED**

H. Fred Kuhn, Jr., of Moss Kuhn & Fleming, PA , of
Beaufort, for Appellant.

Tracy O'Kelly Klatt, of S.C. Department of Social Services, of Beaufort, and Daniel W. Luginbill, of Wilson, Luginbill & Kirkland, LLC, of Bamberg, for Respondent.

Heather Jones Galvin, of Bluffton, for Guardian ad Litem.

---

**PER CURIAM:** Kedar S. (Father) appeals the family court's order terminating his parental rights to his minor child (Child). The family court found clear and convincing evidence supported termination of parental rights (TPR) on the following grounds: (1) Child has lived outside his home for a period of at least six months and Father has willfully failed to visit Child; (2) Child has lived outside the home for a period of at least six months and Father has willfully failed to support Child or make a material contribution to his care; and (3) Child was in foster care for fifteen of the most recent twenty-two months. Additionally, the family court found TPR was in Child's best interest.

Father contends the family court erred in terminating his parental rights, arguing: (1) clear and convincing evidence did not show Father willfully failed to visit Child; (2) clear and convincing evidence did not show Father failed to support Child; (3) the family court erred in concluding that proof TPR was in Child's best interest was within the family court's discretion and did not require proof by clear and convincing evidence; (4) the family court erred in failing to make findings of fact in support of its determination TPR was in Child's best interest; and (5) the family court erred in refusing to grant a mistrial or continuance when Evangelica H. (Mother) disappeared between her direct examination and her cross-examination. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court that the family court erred in its findings. *Id.* at 385, 709 S.E.2d at 652.

"In appeals from the family court, the appellate court has the authority to find the facts in accordance with its view of the preponderance of the evidence." *Ex parte Morris*, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006). "This broad scope of review does not, however, require the appellate court to disregard the findings of the family court." *Id.* "This degree of deference is especially true in cases involving the welfare and best interests of a minor child." *Id.* at 62, 624 S.E.2d at 652.

The family court may order TPR upon finding one or more of eleven statutory grounds is satisfied and also finding TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2011). Father failed to appeal the statutory TPR ground that Child was in foster care for fifteen of the previous twenty-two months and, thus, this is the law of the case. *See Morris*, 367 S.C. at 65, 624 S.E.2d at 653-54 (holding an unappealed ruling of the family court to be the law of the case and required affirmance). Regardless, the fifteen of twenty-two months ground is supported by clear and convincing evidence in the record because Child was in foster care for thirty-seven months at the time of the TPR hearing. As only one ground needs to be proven to terminate parental rights, we decline to address the other statutory grounds for TPR or any alleged error by the family court. *See Loe v. Mother, Father, & Berkeley Cnty. Dep't of Soc. Servs.*, 382 S.C. 457, 469, 675 S.E.2d 807, 813 (Ct. App. 2009) ("In South Carolina, when a child has resided in foster care for fifteen of the most recent twenty-two months, this ground alone is sufficient to satisfy a statutory ground for TPR.").

In regard to the best interest issues, any purported error made by the family court regarding the standard for review or factual findings was harmless because this court can make its own findings from the record as to whether clear and convincing evidence supports the termination of parental rights. *See S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 226, 678 S.E.2d 463, 466 (Ct. App. 2009). We find TPR to be in Child's best interest. Here, there is no doubt Father desires to be part of Child's life, but the determination hinges on what is best for Child. S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."). Child is currently placed with his brother in a non-adoptive foster home. While Child is thriving in this placement, the Guardian ad Litem (GAL) specifically commented on the need for a father figure and stability in Child's life. The GAL also testified TPR was in Child's best interest. Moreover, while the DSS case worker did not make a specific statement on the best interest of Child, she did explicitly recommend Father's rights be terminated. Furthermore, while there are no current pending adoptive resources for Child, both the GAL and the DSS case worker testified at least two couples had

previously been interested in adopting Child and his brother, but were deterred based on the extended TPR litigation. Child has been in foster care for the vast majority of his life and was removed before his first birthday. Accordingly, we find the best interest of Child is served by achieving stability and permanence, which is best accomplished by freeing Child for potential adoption.

Finally, Father contends the family court erred in denying his motions for a continuance or mistrial based on Mother's absence on the second day of the TPR hearing. The grant or denial of a continuance is within the discretion of the family court and will not be disturbed on appeal absent an abuse of that discretion. *S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 52, 413 S.E.2d 835, 838 (1992). The rules of civil procedure allow that a court may grant a continuance "[i]f good and sufficient cause . . . is shown." Rule 40(i)(1), SCRCP. The Fourteenth Amendment guarantees a fundamental right to freedom from State interference with a parent's relationship with his child. *See Santosky v. Kramer,* 455 U.S. 745, 753 (1982) ("[F]reedom of personal choice in matters of family life is a fundamental liberty interest protected by the Fourteenth Amendment."). TPR clearly interferes with a fundamental liberty interest and invokes due process protections. *S.C. Dep't of Soc. Servs. v. Wilson*, 352 S.C. 445, 453, 574 S.E.2d 730, 734 (2002). "Where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Brown v. S.C. State Bd. of Educ.,* 301 S.C. 326, 329, 391 S.E.2d 866, 867 (1990); *see S.C. Dep't of Soc. Servs. v. Holden,* 319 S.C. 72, 78, 459 S.E.2d 846, 849 (1995) (stating the right to confrontation has been applied in civil context). Due process is not violated where a party is not given the opportunity to confront witnesses so long as there has been a meaningful opportunity to be heard. *Holden,* 319 S.C. at 78, 459 S.E.2d at 80-81.

Father moved for a continuance or a mistrial based on Mother's absence, arguing she was a necessary witness who he expected to testify that Father was a good and supportive parent. Even if Mother testified as Father posits, this is essentially the same testimony Father offered in his deposition. Moreover, Mother did not testify against Father and instead only testified in her own defense. Father received a meaningful opportunity to be heard on these issues, and his due process rights were not violated by his inability to cross-examine Mother. Accordingly, the ruling of the family court is affirmed.

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**