**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Kristie L. Taylor and George Cleveland, III, Appellants.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2023-001510

———————————

Appeal From Anderson County
Karen S. Roper, Family Court Judge

———————————

Unpublished Opinion No. 2025-UP-064
Submitted February 20, 2025 – Filed February 24, 2025

———————————

**AFFIRMED**

———————————

George Cleveland, III, of Townville, pro se.

Kristie L. Taylor, of Anderson, pro se.

Kathryn J. Walsh and Robert C. Rhoden, III, both of South Carolina Department of Social Services, of Spartanburg, for Respondent.

John Marshall Swails, Jr., of Greenville, for the Guardian ad Litem.

_____

**PER CURIAM:** Kristie L. Taylor (Mother) and George Cleveland, III (Father; collectively, Parents) jointly appeal the family court's merits removal order. On appeal, Parents argue the family court erred in (1) finding Child's meconium tested positive for drugs; (2) permitting the admission of Child's hair strand drug test results; (3) allowing deposition testimony to be admitted; (4) refusing to allow Father to impeach the credibility of a DSS witness; (5) admitting photos of Mother's injuries; (6) finding the preponderance of the evidence supported various findings; (7) qualifying Dr. Stephen Cutler as an expert witness; and (8) allowing the admission of Father's drug test results. We affirm pursuant to Rule 220(b), SCACR.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019). Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility. *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018). Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings. *Id.*

1. As to issue one, we hold the preponderance of the evidence supported the family court's finding that Child's meconium tested positive for drugs because multiple witnesses testified without objection that Child's meconium tested positive for THC at birth. *See* S.C. Code Ann. § 63-7-20(22) (Supp. 2024) ("'Preponderance of evidence' means evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition."). Accordingly, we affirm on this issue.

2. As to issue two, we hold this issue is not preserved for appellate review. On appeal, Parents argue the family court erred in allowing the admission of results from Child's hair strand drug test[1] because DSS obtained the hair sample in violation of the Fourth Amendment's prohibition on unreasonable searches and seizures. Father filed a motion in limine to exclude the results of this drug screen for the same reason, and the family court conducted a pretrial hearing on the issue. The family court denied the motion but stated, "[T]his does not mean that this

_____

[1] The results indicated a positive result for marijuana and methamphetamine.

evidence is automatically admitted," adding that Father was able to raise his objections "at the time of the introduction of this evidence," and the court would "rule on those as may be appropriate at that point." When DSS moved to admit the results of the drug screen into evidence during the trial, however, Father objected only on the basis of the test's reliability. Mother did not object. Accordingly, we find the issue is not preserved for this court's review. *See Burke v. AnMed Health*, 393 S.C. 48, 54, 710 S.E.2d 84, 87 (Ct. App. 2011) ("A contemporaneous objection is typically required to preserve issues for appellate review."); *State v. Morales*, 439 S.C. 600, 606-07, 889 S.E.2d 551, 555 (2023) (explaining a contemporaneous objection is required when additional evidence is offered between a preliminary ruling and the admission of the evidence in question); *McLeod v. Starnes*, 396 S.C. 647, 657, 723 S.E.2d 198, 204 (2012) ("A party may not argue one ground at trial and an alternate ground on appeal." (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003))).

3. As to issue three, we hold the family court did not abuse its discretion in allowing DSS to enter into evidence the deposition of Dr. Janelle Jaworski. *See Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (explaining appellate courts review the family court's procedural and evidentiary rulings for an abuse of the family court's discretion). Parents[2] argue the admission of Dr. Jaworski's deposition was error because DSS did not comply with the notice requirement under Rule 32(a)(5) of the South Carolina Rules of Civil Procedure (SCRCP). *See* Rule 32(a)(5), SCRCP (stating that "[a]t least [one] day prior to offering excerpts from a deposition in the case in chief counsel, unless otherwise ordered by the trial judge, shall furnish to the trial judge and, at the same time and by the same means, furnish to all opposing counsel the excerpts from depositions"). Rule 32(a)(5), however, contemplates the admission of excerpts from depositions; here, Rule 32(a)(5) is not applicable because DSS entered the entire deposition transcript. Accordingly, we find this issue is without merit.

4. As to issue four, we hold the family court did not abuse its discretion in limiting Father's proposed cross-examination of DSS witness Sherry Curiel. *See Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (explaining appellate courts review the family court's procedural and evidentiary rulings for an abuse of the family court's

---

[2] To the extent Mother argues error in the admission of Dr. Jaworski's deposition, we hold this issue is not preserved for appellate review because she did not object at the hearing. *See Tupper v. Dorchester Cnty.*, 326 S.C. 318, 324 n.3, 487 S.E.2d 187, 190 n.3 (1997) ("[An] appellant cannot bootstrap an issue for appeal by way of a codefendant's objection").

discretion).  Father takes issue with the court's refusal to allow him to cross-examine Curiel on whether she had been unfaithful to her boyfriend, where her boyfriend lived, and whether she would allow Father to inspect her phone for applications she could have used to alter photographs she took purporting to show Mother's injuries caused during an altercation with Father.[3]  Father sought to impeach the credibility of Curiel, who testified she witnessed Father hitting, choking, and dragging Mother, as well as "banging [Mother's] head against [a] table."  Father's proposed questions were not relevant to his objective of showing Curiel was biased against Father.  *See* Rule 402 of the South Carolina Rules of Evidence ("Evidence which is not relevant is not admissible.").  Moreover, Father thoroughly cross-examined Curiel in an attempt to impeach her credibility.  *See S.C. Dep't of Soc. Servs. v. Holden*, 319 S.C. 72, 78, 459 S.E.2d 846, 850 (1995) (finding no due process violation when a party was afforded "a meaningful opportunity to be heard").  Accordingly, the family court did not abuse its discretion in limiting Father's cross-examination.

5.  As to issue five, we hold the photos in question were cumulative to Curiel's testimony.  *See Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (explaining appellate courts review the family court's procedural and evidentiary rulings for an abuse of the family court's discretion).  Curiel recalled an incident at Mother's home in which she witnessed Father hit, choke, and drag Mother, and strike Mother's head on a table.  She testified she took photographs of Mother's resulting injuries shortly after the incident, and the photos were admitted into evidence.  Father argues allowing the admission of the photographs violated his right to due process because DSS did not provide him with the photos in advance.  Because the photos purported to show injuries resulting from an incident to which Curiel testified, we hold any error in admitting the photos was harmless because the photos were cumulative to Curiel's detailed testimony.  *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 140, 538 S.E.2d 285, 290-91 (Ct. App. 2000) (finding any error in the admission of cumulative evidence was harmless).  Accordingly, we hold the family court did not abuse its discretion in allowing the admission of the photos.

6. As to issue six, we hold the preponderance of the evidence supported the family court's findings.  Parents allege the following findings were erroneous: (1) Father had a history with DSS, (2) Mother gave birth to a child in 2015 who tested

---

[3] Father also argues the family erred in refusing to allow him to question Curiel about sending Mother text messages of a sexual nature; however, this argument is without merit because Father elicited this specific testimony on cross-examination.

positive for THC, (3) Child's meconium tested positive for THC at birth, (4) Mother failed to complete intensive outpatient substance abuse services, and (5) Parents' respective placement plans were fair and reasonable. First, as to Father's history with DSS, the evidence presented established two of Father's older children had been in foster care since 2021 due to a prior abuse and neglect action. Second, regarding Mother previously giving birth to a child who tested positive for THC, the DSS case worker testified without objection that Mother's oldest child, born in 2015, tested positive for THC at birth. Third, as we have previously discussed in this opinion, multiple witnesses testified—again, without objection—that Child's meconium tested positive for THC. Fourth, as to Mother's failure to complete intensive outpatient substance abuse services, although Mother testified that she completed an intensive outpatient program in 2019, she did not know whether the services were directed toward substance abuse treatment. Moreover, the DSS case worker testified that in 2019, Mother attended a community support program rather than the intensive outpatient program recommended following Mother's court-ordered substance abuse assessment, and the family court found Mother's testimony was "wholly incredible and bordering on contemptuous." *See Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 (recognizing the superior position of the family court to assess witness credibility).

Fifth, we initially hold any argument regarding Mother's placement plan is not preserved for our review.[4] Further, based on the evidence presented at trial, we find no error in the family court's approval of Father's placement plan, which required him to complete domestic violence classes, submit to a mental health evaluation, undergo a substance abuse assessment, and attend individual counseling. *See* S.C. Code Ann. § 63-7-1680(A), (F) (Supp. 2024) (directing that if the family court orders a child removed from the custody of a parent or guardian, the court must approve a placement plan after finding (1) the plan is consistent with the order placing the child in DSS custody; (2) the contents of the plan meet specific statutory requirements; (3) if the parent or guardian did not participate in the creation of the plan, DSS made reasonable efforts to involve them; and (4) "the plan is meaningful and designed to address facts and circumstances upon which the court based the order of removal").

7. As to issue seven, we hold the issue is not preserved for appellate review. When DSS offered Dr. Cutler as an expert in the areas of drug analysis, drug testing, drug instrumentation, and drugs of abuse, Father's only objection was to

---

[4] Although Mother objected, she was represented by counsel, who chose not to object.

the lack of foundation regarding a specific drug screen. Mother did not object. Accordingly, we find the issue is not preserved for this court's review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

8. As to issue eight, we hold the chain of custody for Father's drug screen[5] was properly established. *See Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (explaining appellate courts review the family court's procedural and evidentiary rulings for an abuse of the family court's discretion); *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 629 n.1, 614 S.E.2d 642, 646 n.1 (2005) ("Whether the chain of custody has been established as far as practicable clearly depends on the unique factual circumstances of each case."); *id.* at 629, 614 S.E.2d at 646 (explaining that generally, an appellate court will "uphold the chain of custody if the safeguards instituted ensure the integrity of the evidence"). DSS offered the testimony of Stephanie Hall, the lab manager for the collection lab; Hall, who collected Father's sample and sent it to the testing lab, testified to the exact procedure she used in collecting, sealing, and sending the sample. Additionally, the testing lab manager, Christopher Grisaffi, offered the chain of custody form for Father's sample and explained the lab's procedures, including the maintenance of the testing implements and the security measures for data and physical specimens. Grisaffi confirmed the lab followed its procedures in processing Father's drug screen and the test results had not been altered. Further, Dr. Cutler expressed a high level of confidence in the reliability of the drug screen results based on his review of the chain of custody documents. Thus, we hold the family court did not abuse its discretion in allowing Father's drug screen to be admitted.

**AFFIRMED.**[6]

**THOMAS, TURNER, and CURTIS, JJ., concur.**

---

[5] The results indicated a positive result for methamphetamine and amphetamines.
[6] We decide this case without oral argument pursuant to Rule 215, SCACR.