23179

Mary Alice BROWN, Appellant v. SOUTH CAROLINA STATE BOARD OF EDUCATION, Respondent.

(391 S.E. (2d) 866)

Supreme Court

*Richard Mark Gergel* and *Cynthia Hall Ouzts,* of *Gergel, Burnette, Nickles, Grant & Ouzts, P.A.,* Columbia, *for appellant.*

*Chief Deputy Atty. Gen. Joseph D. Shine, Asst. Attys. Gen. J. Emory Smith, Jr.* and *Samuel L. Wilkins,* Columbia, *for respondent.*

March 19, 1990.

GREGORY, Chief Justice:

This appeal is from a circuit court order affirming respondent's (Board's) invalidation of appellant's teaching certificate. We reverse and remand.

Appellant took the National Teacher's Examination (NTE) for elementary school teachers which is administered by Educational Testing Service (ETS). On March 28, 1987, ETS reported to the State Department of Education (Department) that appellant had achieved a passing score. The Department then issued appellant a teaching certificate valid through June 1990.

With certificate in hand, appellant applied for a teaching position with the Dorchester County School District No. 4.

The superintendent of schools who interviewed appellant noted that her NTE scores were at the 78th percentile nationally, well above the required score of 50 percent. Because of this and other qualifications, appellant was offered a position as a second grade teacher. She performed satisfactorily on the job.

On January 25, 1988, the Department received a report from ETS stating simply that appellant's March 28, 1987, NTE scores had been "canceled" and directing the Department to "delete them from your records." The Department then advised appellant that because her NTE scores had been canceled, her teaching certificate was no longer valid and she could qualify for certification only upon presentation of a valid passing NTE score. At appellant's request, a hearing was scheduled and the invalidation was suspended until that time.

A hearing was held before the Teacher Recruitment, Training, and Certification Committee of the Board. The only evidence produced at the hearing to support invalidation of appellant's teaching certificate was the notification from ETS that her NTE scores had been canceled. The Committee recommended appellant's teaching certificate be invalidated and the Board affirmed that decision. On appeal to the circuit court, the Board's decision was affirmed and this appeal followed.

Appellant contends the regulation under which her teaching certificate was invalidated, S.C.Code Reg. 43-59 (Supp.1989), is unconstitutional because it violates her right to procedural due process. Reg. 43-59 provides:

> If any testing company invalidates a test score, the State Board of Education shall accept that determination and, if a teaching certificate has been issued based upon the invalid score, shall automatically invalidate that certificate effective the date of receipt of notification of the score invalidity by the Office of Teacher Education and Certification.

The fourteenth amendment Due Process Clause requires procedural due process be afforded an individual deprived of a property or liberty interest by the State. *Board of Regents v. Roth*, 408 U.S. 564, 92 S. Ct.

2701, 33 L. Ed. (2d) 548 (1972); *see also* S.C. Const., Art. I, § 22. The right to hold specific employment and the right to follow a chosen profession free from unreasonable governmental interference come within the liberty and property interests protected by the Due Process Clause. *Greene v. McElroy*, 360 U.S. 474, 79 S. Ct. 1400, 3 L. Ed. (2d) 1377 (1959). The liberty interest at stake is the individual's freedom to practice his or her chosen profession; the property interest is the specific employment. *Id.* When the State seeks to revoke or deny a professional license, these interest are implicated and procedural due process requirements must be met. *Id.; Schware v. Board of Bar Examiners*, 353 U.S. 232, 77 S. Ct. 752, 1 L. Ed. (2d) 796 (1957). The State must afford notice and the opportunity for a hearing appropriate to the nature of the case. *Roth, supra.*

Where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses. *Goldberg v. Kelly*, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. (2d) 287 (1970). Procedural due process often requires confrontation and cross-examination of one whose word deprives a person of his or her livelihood. *Willner v. Committee on Character and Fitness*, 373 U.S. 96, 83 S. Ct. 1175, 10 L. Ed. (2d) 224 (1963). Moreover, the evidence used to prove the State's case must be disclosed to the individual so that he or she has an opportunity to show it is untrue. *Goldberg, supra; Greene, supra.*

We hold Reg. 43-59 unconstitutional because it does not provide for notice and an opportunity to be heard when the State deprives a teacher of his or her teaching certificate. The fact that appellant was granted a hearing as a matter of favor in this case does not save the regulation from constitutional attack under the Due Process Clause. *Coe v. Armour Fertilizer Works*, 237 U.S. 413, 35 S. Ct. 625, 59 L. Ed. 1027 (1915). Further, the hearing appellant was granted did not comport with procedural due process since the Board did not disclose any evidence substantiating cancellation of the NTE scores in order to allow appellant the opportunity to contest the allegations against her.

The Board contends appellant cannot complain she was deprived of due process because she failed to avail herself of ETS procedure to contest the cancellation of her scores. On

the record before us, however, ETS procedure does not provide for any hearing whereby appellant could confront her accusers. The Board further contends it could not obtain information from ETS regarding cancellation of appellant's scores absent her consent which she refused to give. The record, however, reveals no attempt by the Board to obtain Information regarding cancellation of appellant's test scores from ETS.

We agree with appellant the Board must comply with the statutes and regulations providing for revocation of a teaching certificate before depriving her of her teaching certificate based on cancellation of NTE scores. *See* S.C. Code Ann. §§ 59-25-150 through -270 (1976); Reg. 43-58. Accordingly, the judgment of the circuit court is reversed and the case is remanded to the Board for further proceedings consistent with this opinion.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.