1922

BEAUFORT COUNTY DEPT. OF SOCIAL SERVICES, Respondent v.
Bennett STRAHAN, Ellen Manchester Strahan and John Lattman, of
Whom John Lattman is Appellant. Appeal of John LATTMAN. In re
Kayla STRAHAN, a minor under the age of eighteen years.

(426 S. E. (2d) 331)

Court of Appeals

*John V. Esposito,* of *Esposito & Esposito,* Hilton Head, *for appellant.*

*W. A. Cook,* of *Beaufort County Dept. of Social Services,* Beaufort, *for respondent.*

Heard Nov. 9, 1992.

Decided Dec. 14, 1992.

SHAW, Judge:

Respondent, Beaufort County Department of Social Services, brought this action in family court seeking intervention of the court for the protection of a minor allegedly sexually abused by appellant, John Lattman. Lattman moved to dismiss for lack of jurisdiction. The family court judge denied this motion. We affirm.

Lattman was arrested on January 2, 1991 and charged with criminal sexual conduct with a minor. On February 25, 1991 Lattman was indicted for the same offense. Beaufort County D.S.S. instituted this proceeding under the authority of S.C.

Code Ann. § 20-7-650 (Supp. 1991) alleging the minor in question was sexually abused by her mother's live-in boyfriend, Lattman, and that the mother failed to protect the child. The amended petition, dated April 26, 1991, sought intervention of the court to make such determinations as required by law; to make a finding that the minor was sexually abused by Lattman and neglected by the mother based on her failure to protect the child; to restrain Lattman from contact with the minor; and to order appropriate counseling.

The sole issue on appeal is whether the family court lacked jurisdiction over Lattman in light of his indictment and pending trial in general sessions court for criminal sexual conduct with a minor. We hold the indictment did not deny the family court of jurisdiction over this matter and affirm the trial judge's denial of Lattman's motion to dismiss.

Lattman contends the court of general sessions acquired exclusive jurisdiction over the matter, as jurisdiction of a criminal case is vested in that court when the appropriate charge is filed and jurisdiction of the person is acquired when the party charged is arrested. He contends, under *State v. Howell,* 220 S.C. 178, 66 S.E. (2d) 701 (1951), the family court and the general sessions court cannot exercise concurrent jurisdiction, but the State must elect the forum in which it will proceed and that the State has chosen the general sessions court. He further asserts allowing the family court to proceed with its inquiry would place him in double jeopardy as the determination in family court could be used against him in general sessions court. We disagree.

First, we note the case at hand is in the nature of a civil action aimed at protection of a child, not a criminal action geared toward punishing the defendant. Second, *State v. Howell* is inapposite as it involved identical criminal charges seeking the same relief brought in two different counties. Finally, there is no double jeopardy. This action is totally independent of the criminal charge and any finding in family court would have no effect on the criminal action. S.C. Code Ann. § 20-7-650(H) (Supp. 1991) provides, "In all proceedings under this section the agency has the burden of proof by a preponderance of the evidence, except in cases where the agency has alleged mental injury, in which case the evidence must be clear and convincing." In a criminal matter, the State

must prove that Lattman is guilty beyond a reasonable doubt.

In short, we hold a criminal indictment does not deprive the family court of jurisdiction over cases involving the same factual situation where the family court is exercising civil jurisdiction as is its responsibility under the Children's Code. These are separate, independent actions with different goals, seeking different relief. Accordingly, the order below is affirmed.

Affirmed.

BELL and CURETON, JJ., concur.