**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jacqueline Smith, Appellant,

v.

Horry County Schools, Respondent.

Appellate Case No. 2012-213509

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-279
Heard March 6, 2014 – Filed June 30, 2014

———————

**AFFIRMED**

———————

W. Allen Nickles, III and Susan Marie Fittipaldi, both of Nickles Law Firm, of Columbia, for Appellant.

Vernie L. Williams, John Marshall Reagle, and Kathryn Long Mahoney, all of Childs & Halligan, P.A., of Columbia, for Respondent.

———————

**PER CURIAM:** Jacqueline Smith appeals the circuit court's order affirming the Horry County School Board of Education's (the Board) decision to terminate her employment with the Horry County School District. Smith argues the circuit court

erred in affirming the Board's decision because (1) the decision was rendered in violation of due process; (2) the decision violated the Teacher Employment and Dismissal Act[1]; (3) substantial evidence did not support the decision; and (4) the circuit court did not identify supporting facts and legal conclusions in reaching its decision.  We affirm.

1.  We find the Board's decision did not violate Smith's due process rights.  *See* S.C. Code Ann. § 59-25-470 (Supp. 2013) ("The teacher has the privilege of being present at the hearing with counsel and of cross-examining witnesses and may offer evidence and witnesses and present any and all defenses to the charges.  The board shall order the appearance of any witness requested by the teacher."); *Brown v. S.C. State Bd. of Educ.*, 301 S.C. 326, 328, 391 S.E.2d 866, 867 (1990) ("The [F]ourteenth [A]mendment Due Process Clause requires procedural due process be afforded an individual deprived of a property or liberty interest by the State."); *id.* at 329, 391 S.E.2d at 867 ("The right to hold specific employment and the right to follow a chosen profession free from unreasonable governmental interference come within the liberty and property interests protected by the Due Process Clause."); *id.* ("Procedural due process often requires confrontation and cross-examination of one whose word deprives a person of his or her livelihood."); *Brown v. James*, 389 S.C. 41, 53, 697 S.E.2d 604, 610-11 (Ct. App. 2010) ("The observance of the procedural requirements of the [Teacher] Employment and Dismissal Act is mandatory and not a matter of discretion.").  We find hearsay evidence, including statements from students and parents detailing specific complaints about Smith, was improperly admitted.  However, we find the improper admission of this evidence was harmless because the statements were merely cumulative to the testimony presented at the hearing of the three principals of the schools that employed Smith; the Horry County Superintendent of Education; and two parents.  *See Jackson v. Speed*, 326 S.C. 289, 305, 486 S.E.2d 750, 758 (1997) ("The improper admission of hearsay is reversible error only when the admission causes prejudice[; however, w]here the hearsay is merely cumulative to other evidence, its admission is harmless.").

2.  We find the Board's decision did not violate the Teacher Employment and Dismissal Act because Smith was given notice the superintendent had recommended her employment be terminated and Smith was afforded an opportunity to be heard prior to her dismissal.  *See* S.C. Code Ann. § 59-25-430

---

[1] *See* S.C. Code Ann. §§ 59-25-410 to -530 (Supp. 2013).

(2004) ("Any teacher may be dismissed at any time who shall fail, or who may be incompetent, to give instruction in accordance with the directions of the superintendent, or who shall otherwise manifest an evident unfitness for teaching; *provided*, however, that notice and an opportunity shall be afforded for a hearing prior to any dismissal."). Additionally, we find the proper procedures were followed because the matter was brought to Smith's attention in writing and Smith was given a reasonable time for improvement within the statute. *See* S.C. Code Ann. § 59-25-440 (Supp. 2013) ("Whenever a superior, principal, where applicable, or supervisor charged with the supervision of a teacher finds it necessary to admonish a teacher for a reason that he believes may lead to, or be cited as a reason for, dismissal or cause the teacher not to be reemployed he shall: (1) bring the matter in writing to the attention of the teacher involved and make a reasonable effort to assist the teacher to correct whatever appears to be the cause of potential dismissal or failure to be reemployed and, (2) except as provided in § 59-25-450, allow reasonable time for improvement.").

3. We find the Board's decision to terminate Smith's employment with the Horry County School District was supported by testimony from the following parties: the three principals of the schools that employed Smith; the Horry County Superintendent of Education; and two parents. Accordingly, we find substantial evidence supported the Board's decision. *See Laws v. Richland Cnty. Sch. Dist. No. 1*, 270 S.C. 492, 495-96, 243 S.E.2d 192, 193 (1978) ("'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.").

4. Based upon our review of the record, we find the circuit court and the Board properly identified supporting facts and legal conclusions in upholding the superintendent's recommendation to terminate Smith's employment. *See Porter v. S.C. Pub. Serv. Comm'n*, 333 S.C. 12, 21, 507 S.E.2d 328, 332 (1998) ("'An administrative body must make findings which are sufficiently detailed to enable [a reviewing court] to determine whether the findings are supported by the evidence and whether the law has been applied properly to those findings.'" (quoting *Hamm v. S.C. Pub. Serv. Comm'n*, 309 S.C. 295, 300, 422 S.E.2d 118, 121 (1992))).

**AFFIRMED.**

**WILLIAMS, KONDUROS, and GEATHERS, JJ., concur.**