**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Leianne Ruth Hudgins, Robert Eveland, and Amber
Echerd, Defendants,

Of whom Leianne Ruth Hudgins and Robert Eveland are
Appellants.

Appellate Case No. 2019-001942

Appeal From York County
Phillip K. Sinclair, Family Court Judge

Unpublished Opinion No. 2021-UP-356
Submitted March 1, 2021 – Filed October 20, 2021

**AFFIRMED**

S. Schusterman, of Schusterman Law Firm, of Rock Hill,
for Appellants.

Scarlet Bell Moore, of Greenville, for Respondent.

Donae Alecia Minor, of Minor Law Offices LLC, of Fort Mill, for the Guardian ad Litem.

---

**PER CURIAM:**  Leianne Hudgins and Robert Eveland appeal a merits removal order finding Hudgins physically neglected her niece (Child), of whom Hudgins had custody, and Eveland sexually abused Child.  On appeal, Eveland argues the family court erred in admitting Child's deposition in lieu of in-court testimony under Rule 32 of the South Carolina Rules of Civil Procedure (SCRCP), and the admission of the deposition violated his rights under the Confrontation Clause of the United States Constitution.  Eveland also asserts that without the deposition, the Department of Social Services (DSS) failed to submit a preponderance of evidence showing he sexually abused Child.  Hudgins argues the family court erred in finding a preponderance of evidence showed she physically neglected Child.  We affirm.[1]

1.  We find the family court did not violate Eveland's rights to confrontation.  First, the Sixth Amendment of the United States Constitution only applies to criminal proceedings and thus does not apply to this proceeding.  *See* U.S. Const. amend. VI (guaranteeing that "[i]n all criminal prosecutions, the accused shall enjoy the right . . .  to be confronted with the witnesses against him"); *Austin v. United States*, 509 U.S. 602, 608 (1993) ("The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'"); *S.C. Dep't of Soc. Servs. v. Wilson*, 352 S.C. 445, 452, 574 S.E.2d 730, 733 (2002) (stating a family court intervention proceeding is "a civil action aimed at protection of a child, not a criminal action geared toward punishing a defendant" (quoting *Beaufort Cnty. Dep't of Soc. Servs. v. Strahan*, 310 S.C. 553, 554, 426 S.E.2d 331, 332 (Ct. App. 1992))); *In re Adoption/Guardianship No. 6Z980001*, 748 A.2d 1020, 1022-23 (Md. Ct. Spec. App. 2000) (explaining "as a general principle, the [S]ixth [A]mendment right of a criminal defendant to be present at trial is inapposite in" a civil termination of parental rights proceeding).

While procedural due process may provide the right of confrontation in a civil context, Eveland's rights were not violated by the admission of the deposition.  *See S.C. Dep't of Soc. Servs. ex rel. Tex. v. Holden*, 319 S.C. 72, 78, 459 S.E.2d 846, 849 (1995) ("The right to confrontation, although historically limited to criminal prosecutions, has been applied in the civil context."); *Seabrook v. Knox*, 369 S.C. 191, 197, 631 S.E.2d 907, 910 (2006) ("Procedural due process imposes

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976))); *Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review."); *Wilson*, 352 S.C. at 452, 574 S.E.2d at 733 ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands." (alteration in original) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972))); *id.* at 452, 574 S.E.2d at 734 ("Where important decisions turn on questions of fact, due process often requires an opportunity to confront and cross-examine adverse witnesses." (quoting *Brown v. S.C. State Bd. of Educ.*, 301 S.C. 326, 329, 391 S.E.2d 866, 867 (1990))); *id.* at 453, 574 S.E.2d at 734 ("Confrontation includes the right to be physically present during the presentation of testimony."); *id.* ("Due process is not violated where a party is not given the opportunity to confront witnesses so long as there has been a meaningful opportunity to be heard."); *id.* at 455, 574 S.E.2d at 735 ("Like criminal matters, an important liberty interest is also at issue in an intervention proceeding.  Accordingly, in an intervention proceeding, the child witness'[s] testimony should be given in the presence of the parent/defendant."); *Holden*, 319 S.C. at 78, 459 S.E.2d at 850 (holding the father's due process rights were not violated by the admission of the mother's affidavit when the father "made no showing that he attempted, via deposition or otherwise, to cross-examine [the m]other concerning her affidavit" and "he was given a full opportunity to present his side of the case and dispute [the m]other's affidavits").  Here, Eveland was present at Child's deposition, was provided an opportunity to cross-examine Child, and was given a full opportunity to be heard at the family court's hearing.  Accordingly, we find no violation of his due process rights.

2.  The family court did not abuse its discretion by admitting Child's deposition under Rule 32, SCRCP.  *See Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (providing the appellate court reviews a family court's evidentiary and procedural rulings for an abuse of discretion); Rule 32(a)(3)(B), SCRCP ("The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds . . . that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition.").  Here, DSS Child Protective Specialist Annette Dye and Hudgins both testified Child lived out of the state at the time of the final hearing.  In addition, Eveland presented no evidence showing DSS procured Child's absence.  Thus, the family court did not abuse its discretion in admitting Child's deposition

under Rule 32(a)(3)(B), SCRCP.[2]  *See Visual Graphics Leasing Corp. v. Lucia*, 311 S.C. 484, 489, 429 S.E.2d 839, 841-42 (Ct. App. 1993) (finding an affidavit stating the deponent was more than 100 miles from the place of trial was sufficient to admit the deposition under Rule 32(a)(3)(B), SCRCP).  Further, Child's deposition testimony, along with the other evidence presented at the hearing, was sufficient to show, by a preponderance of the evidence, that Eveland sexually abused Child.  *See* S.C. Code Ann. § 63-7-20(6)(a)(ii) (Supp. 2020) (stating a child is harmed when the child's guardian commits a sexual offense against the child).

3.  A preponderance of the evidence shows Hudgins physically neglected Child. *See Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) (stating this court reviews the family court's factual findings and legal conclusions de novo); § 63-7-20(6)(a)(iv) (providing a child is neglected when the child's guardian "abandons the child"); § 63-7-20(1) (providing "[a]bandonment of a child" occurs when a guardian "wilfully surrenders physical possession of a child without making adequate arrangements for the child's needs or the continuing care of the child").  At the hearing, DSS caseworker Rosalyn Dougherty, DSS investigator Shamara Henderson, and Hudgins testified that Hudgins refused to allow Child to return to her home.  Dye testified Hudgins maintained this position during an October 2018 family group conference.  Thus, a preponderance of the evidence shows Hudgins wilfully surrendered physical possession of Child.  *See* § 63-7-20(1) (stating abandonment occurs when a guardian "wilfully surrenders physical possession of a child").  Although Hudgins asserts she did not abandon Child because she informed Dougherty that Child's mother was a possible relative placement, Hudgins did not present evidence showing she contacted Child's mother to make arrangements for Child.  Thus, a preponderance of the evidence also shows Hudgins failed to make adequate arrangements for Child's needs or the continuing care of her."  *See id.* (stating abandonment occurs when a guardian fails to "mak[e] adequate arrangements for the child's needs or the continuing care of the child").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[2] We decline to consider Eveland's remaining arguments because this finding is dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not address remaining issues on appeal when a prior issue is dispositive).